IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. JOHNSON, | No. C 08-4972 WHA (PR) |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
|   v. | |
| JAMES E. TILTON, Secretary, CDCR, | |
|     Respondent. | |

Petitioner, a California prisoner currently incarcerated at Folsom State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Sonoma County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of kidnaping, *see* Cal. Penal Code § 207(a); willful infliction of corporal injury on a spouse, *see id.* at §§ 273.5(a), (e)(1); assault with a deadly weapon, *see id.* at § 245(a)(1); and making criminal threats, *see id.* at § 422. The jury also found true the allegation that he had inflicted great bodily injury. *See id.* at § 12022.7(a). The court sentenced defendant on the kidnaping count to the upper term of eight years, plus three years for the enhancement, and also imposed the upper term on the remaining counts, but stayed those terms. His conviction was affirmed on direct appeal by the California Court of Appeal, but the

sentence was vacated and remanded. The state's petition for review by the California Supreme Court was granted and the case was remanded to the court of appeal for reconsideration in light of an intervening California Supreme Court decision. On remand, the court of appeal affirmed the judgment.

## DISCUSSION

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.  LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) his Sixth Amendment right to jury trial was denied when a jury did not decide the facts leading to imposition of the upper term at sentencing; and (2) his due process rights were violated by a faulty jury instruction. These claims are sufficient to proceed. *See Cunningham v. California*, 127 S.Ct. 856 (2007).

///

///

2

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December   11  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\JOHNSON4972.OSC.wpd

3